The next case is 2017-20808, Faludi v. U.S. Shale Solutions, Mr. Sturm. May it please the Court. This appeal requires the Court to decide two main issues. One is very mundane and not exciting to anyone except the parties themselves, probably. That is the independent contractor employee issue, and it's mundane and unexciting because there are lots of Fifth Circuit cases that tell us. We think of little else but the Fair Labor Standards Act, an hour wage, an hour long. Go ahead. Right. The second issue is more exciting and interesting and novel because this will be the first panel of the Fifth Circuit to say what the law is on this particular subject. There are no prior Fifth Circuit opinions on the contours of the salary basis test. In fact, there is only one other Circuit Court opinion that speaks to this issue, and that case, the Hughes v. Gulf Interstate, was just recently issued last year. So recent, in fact, that it was issued after the District Court issued its summary judgment in this case, which means that the District Court did not have the benefit of reading and having that as background and decided the issue here. The District Court held, in this case, that a guaranteed day rate by itself for one day can satisfy the salary basis regulation 602 under the FLSA. The Court erred when it did that, and I will concede that this judge and this I do think this is one of the rare instances in which this district judge did it, and he erred for a number of reasons. First, the conclusion that he reached was contrary to the text of the regulation at issue, at 602, which is where I think all judges start, which is what does the statute or the rule, what does the force of the statute say? Second, it is contrary to DOL guidance, Department of Labor guidance, on the interpretation of 602. It is contrary to a holistic reading of all of the regulations within the same section of that regulation dealing with salary basis. And finally, it is contrary, as I said earlier, to the holding of the Sixth Circuit in the Hughes v. Gulf Interstate case. Do we reach this issue at all if we decide the independent contractor point the other way? Or what if we were to decide on the law exemption? Do we still need to reach this? So if we decide this case in either of those two ways, we don't reach this issue. It's only if we decided on the highly compensated, that exception. That's correct. If the court rules that he's not an employee, then yes. Or that the professional exemption implies, that's also correct. The text of 602 is the relevant regulation here, and let me explain why that's true. 541-600 is the regulation that talks about the amount of salary that is required. 601 is the highly compensated employee exemption. And 601 requires that the person be paid the minimum amount in 600, but also be paid on a salary basis, quote-unquote, as that is defined in 602. And everybody agrees, including the appellee in this case, that that is true, that for the highly compensated employee exemption to apply, that the person must, beyond receiving compensation over $100,000, be paid on a salary basis under 602. The regulation explicitly says that in 601, and the appellee concedes that that's the case. So we must then turn to 602. 602 says that an employee will be considered to be paid on a salary basis, within the meaning of this part, if the employee regularly receives each pay period on a weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation. That's the first part of the test. And the second part of the test is which amount is not subject to reduction because of variations in the quality or quantity of the work performed. The regulation on its face requires that a person's pay be guaranteed on a weekly or less frequent basis. And I understand that Faludi was paid $1,000 for every day he worked at U.S. Shell and $1,350 for every day he worked outside of Houston. Is that correct? That is correct, Your Honor. And what is the 455 play in this? That is the minimum amount under 600 that somebody has to be guaranteed on a weekly basis to qualify a salary under the regulations. So this is a fellow who is a lawyer but doesn't have an active law license, so I guess the absence of a license removes the lawyer exemption. Correct. The fact that he did not have a license makes that go away. Did he call himself general counsel of the company? Your Honor. He held himself out as the general counsel, didn't he? I want to answer your question, Your Honor. Okay. The answer is yes, he did, but the record also is that the CFO and the COO who hired him and supervised him said that they did not hire him to be a lawyer, that they did not ask him to do legal work, and that they had their own outside counsel. That's in the record and undisputed. What's not also disputed and what you just pointed out is about 14 or 15 months into his tenure, at the very end, after the CFO and the COO are terminated, a private equity company comes in, he then at that point, at the very end, does on a couple of occasions say that to others outside the organization. What was his total compensation actually earned? How much money was this man making? He was making $5,000 to $7,000 a week. Did he make $260,000 annually? That's pretty good hourly wage. It is good. It's good work if you can get it. The issue isn't whether he deserves to be paid overtime, obviously. Well, talk to me about the requirement of the reasonable fit here. The reasonable relationship fit, Your Honor? Yes. Your Honor, the other side has said that 604, that's the reasonable relationship test, that doesn't apply because if the highly compensated employee exemption applies, then you don't need to look to 604. I think that's wrong. But the DOL guides, I think, have said that that's true, that 604 does apply, and if 604 does apply, then clearly, even if you consider a day rate, a salary, there's not a reasonable relationship between the guaranteed daily rate and the amount that he actually received per week. But what I would argue before Your Honors today is just as the Sixth Circuit in Hughes did not decide that question, they said we don't need to decide whether 604 applies because we can just look at the text of 602A, and here they don't meet the text of 602 because 602 requires a weekly guarantee, and it is undisputed that there is no evidence in this record of a weekly guarantee. There's only record, only evidence of a daily guarantee. And so they don't get past 602 to even get to 604. 602 says it has to be weekly. 604 says that you can compute the weekly pay on an hourly or daily basis under certain limited circumstances. So what I have suggested to the court that the answer is, is that 602 applies and they don't meet 602, and if they don't argue that 604 applies, that's the only regulation that allows them to do what they did, which is to put it – to calculate it or compute it on a daily basis. And therefore it would be the only regulation that would allow them to win. We say they don't win because it's not a reasonable relationship, but without 604, there is no justification to get past 602 because 602 requires a weekly guarantee. And as the Sixth Circuit in Hughes held, that if you pay someone on a daily basis – if you compute it on a daily basis, promise them a day rate, that that by itself does not meet the text of 602. So that's why I said it's contrary to the Sixth Circuit's holding in Hughes. It's also contrary to a holistic review of the regulations. Well, what are the requirements then, and how would you articulate the requirements for a highly compensated worker terminology? Yes, Your Honor. 601 says that the person has to receive total compensation of at least $100,000. The regulations have changed. I'm referring to the old regulation because they're undergoing the rulemaking process, but the one at issue that's in effect, if you receive more than $100,000, which he did, that's not the issue. But that exemption also requires in B1, 541.601B1, that the total annual compensation – and there's a quote around that that's defined – must include at least a weekly amount equal to the required salary amount under 600 – that's the 455 per week – paid on a salary basis under 602. So the highly compensated employee exemption requires as a predicate for it to apply – Then it's what? It requires as a predicate for it to – a condition that the person – in other words, you just can't give somebody $100,000 in one payment. They have to have a minimum weekly guaranteed salary of at least 455 per week. Well, then did he have that? He did not, Your Honor. In what way? He only had a daily guarantee of the same amount. Are you going to win the battle and lose the war? What I mean by that is let's stipulate that I agree with you on the daily point. This kind of compensation sounds like a dependent contractor. Well, Your Honor, to me, with all due respect, it doesn't because all of the facts, other than the amount of money that he made, indicate – if we compare it to other cases decided by the Fifth Circuit where the court has held as a matter of law that the person is an employee, all sort of point to an employee. He went to work all day, every day, sometimes six or seven days a week for 16 months to an office that's somebody else's physical office using their supplies and offices, was paid just for the amount of time that he worked, had no other sources of income. Well, the agreement says that validity generally retains the sole and exclusive right to direct and control the means and methods by which the services are provided and that U.S. Shell has preserved the right to withhold compensation if the ultimate work product done. In other words, a dependent contractor does the job, and they're not – there's no withholding direct in the steps to accomplish that end. That sounds very much like an independent contractor. Well, that part does, Your Honor, and I'll concede that some of these factors, a couple of them, do weigh in their favor more than ours. But under the case law – Well, we have a worker here back away from it making over $200,000 a year, and he meets this basic standard that U.S. Shell hired him to do this mission, and it basically operated as a corporate executive. And the notion that – so what else – why isn't that enough? What's missing? What's missing, Your Honor, is they treated him, just as you said, essentially as an employee executive. He went to work every day. He had no opportunity to make money. He didn't – in fact, he was prohibited from working at other companies during his employment. He had a non-compete that applied during his employment. And independent contractors – a hallmark of being an independent contractor is you can go to work for other people, and I'm doing a discrete, independent task for you as a separate business owner where I have an opportunity to profit or lose money. But you can – they have independent contractors who can do this work for this company and this industry, and your other work has to be outside the competitor. You can have those restrictions and still be an independent contractor. Sure, and I'm not saying that by itself means he's an employee. I'm saying when you look at all of the factors, primarily the length of time that he worked. And there are cases that say if you work somewhere long enough, full time, with no other source of income, you are economically dependent. And I think I cited one where it was maybe nine months. And here this person worked 16 months. And so the duration, the sheer duration that that factor, even though there are other factors because it's a balancing test, no one factor is determinative. But when you look at those sort of three big factors, the length being the most important, that on balance as a matter of law, as in other cases with similar facts, not as perhaps more sympathetic to the plaintiff in those cases than here. But if we put our blinders on and don't make value judgments about whether this guy who has a law degree should get overtime and why was he an independent contractor, I agree. The fact pattern is not great. The old adage, bad facts makes bad law. And usually it's the other way. We don't want to make bad law for a sympathetic plaintiff. And here I'm saying don't make bad law for an unsympathetic plaintiff. But if we removed our blinders or kept our blinders on and just looked at the facts, the facts of this case more closely resembles other cases where, of course, it clearly was a matter of law. The person was an employee, not just a fact issue. You saved time for rebuttal. Yes, Your Honor. Can you explicitly, and you may think you already addressed, but when you get back on your rebuttal, can you please explicitly address 541-604-B and the court's conclusion as a matter of law that even though he reduced his own compensation, $1,000 was guaranteed if he showed up for work, $1,000 per day, if he showed up for work and performed the agreed upon. That was the crux of the district court's holding. And I want, if you could address why that's an incorrect factual determination or whatever your argument against it is. Thank you. Good morning. I'm Terry Noetzke and I represent U.S. Shale with this appeal. We talked about this case is about a lawyer working at the company who made over $250,000 a year and claimed that he's entitled to overtime on that, based on that salary. So I disagree with the important points that are relevant here. One, we do agree that it's an important issue, and that is that U.S. Shale paid Valadie on a salary basis based on its day rate. The district court correctly determined that the day rate was guaranteed, so any week in which he performed work for the company, he was guaranteed $1,000. And to your point you just made, Judge O'Rourke, the way I read their brief, they haven't really argued that the reduction is from that minimum guarantee of $1,000 a day. He's taken the position on this appeal that the reduction is that for the week, they wouldn't always pay him a day rate for every day. That's the reduction. But our position on that is that the minimum guarantee was always $1,000. It's like the Litz case in the First Circuit. That was exactly what was there. They called that a stipend in that case. We're calling it a day rate, but it is a minimum weekly guarantee. And the First Circuit said that just regardless of what you call it, it's a minimum guarantee that meets the standard, so we would assert that as well. But then what does it mean to say weekly or less frequent basis? Daily clearly means more frequent. Yeah, well, like I said, any week – so if he worked any time in that week, he was guaranteed a minimum of $1,000. But this would work if it were an hourly minimum. Well, for him, his contract called for a $1,000 guarantee. It wasn't an hourly minimum. Right, but your argument would work if it were hourly. I'm just wondering if we're reading this language out of the rec. I'm not sure I understand how this would apply. Why did DOL say less weekly or less frequent? They could have said daily is fine. Well, yes, they could have. What are you doing with this language? Well, it has to be a minimum of $4.55. That's one thing that this – Well, that's a separate requirement, but I'm talking about this particular language. It's defining salary as weekly or monthly or something less frequent than weekly. Well, yes, they called it a day rate. We don't dispute that. But that was twice the required minimum weekly amount of $4.55, and that's the basis on which the Second Circuit in Anaheim and the First Circuit in Litz both have agreed that that complies with that requirement of 601. How does that requirement fit in with an exempt employee's earnings may be computed on an hourly or a daily or a shift basis without losing the exemption or violating the salary basis? How do those two provisions work together? There can be additional pay to the employees. I think that's where that's getting at. But we believe that the standard under 601, the highly compensated employee exemption, is applicable to this case, and I think that is 604, if I remember the language. Right, 604B. Well, 604B, it doesn't make sense that 604B would apply to a highly compensated employee. The highly compensated exemption specifically says it has to be at least $4.55 a week, which he made twice that much. So that would be roughly $24,000 a year. The highly compensated employee exemption also requires at least $100,000 to be paid in the year. So if you minimize, have a $24,000, $100,000, that's roughly four times that amount, and that's permissible specifically under the highly compensated employee exemption. In this situation, he was guaranteed $1,000 a week, so $52,000 for a year under his day rate agreement. He was paid $260,000 a year, as we already noted. That's roughly 5-to-1, and we believe that meets the standard for the highly compensated employee, and therefore that is what the provision of 601 means. That reasonable relationship text in 604B, as found specifically by the Anonymy Court in the Second Circuit and the First Circuit in Lit, only applies to those people who weren't paid at least $100,000. And that's where the reasonable relationship to the weekly occurs. That text is in 604B, which doesn't apply to the 601, so we believe that that is not an applicable standard. Did I answer your question? I think so. Can we go back to my earlier question, though, because I don't think I've gotten an answer. What is the function of this language, weekly or less frequent, if we're going to allow daily or hourly? I worry that we're basically just ignoring an entire clause of the reg. Well, the day rate is large enough to meet the weekly standard required. The minimum has to be $455 a week. And what work does this language do? $455 is a totally different element. Right. This element is we want each pay period to be done on a weekly or less frequent basis. It may not make sense. I mean, you might say economically, who cares? But DOL cares that you're not challenging the reg. So what are you doing to the language, weekly or less frequent? Is it doing any work under your theory? Or are we just ignoring it? Well, under the regulations, if he performs no work in a week, you don't have to pay him anything. If he does any work, we pay him $1,000, so we think we meet the weekly standard. The reasonable relationship test doesn't apply, or to the extent a reasonable worth relationship was, the highly compensated employee says at least $455 is fine as it relates to what he has paid to his overall compensation. So we believe that every week in which he worked, he made at least $1,000. Yes, it was called a day rate, but as the First Circuit said, we hope it doesn't matter. He meets the $1,000 standard, which is twice the $455 a week, so therefore he meets that requirement of the statute. That's our position. I have a question about the law license requirement. That requirement is not in the statute. The statute says as long as you're a bona fide professional, executive, or administrative capacity. And as the other side has said, this is essentially an executive employee. So it would seem to me that you've satisfied the statute, but the reg says you've got to have a law license. Can you satisfy the statute without satisfying the reg? Yeah, it's an interpretation of the statute, Your Honor. It actually says that it's a part of the professional exemption under the statute. And they basically interpreted it on how it would apply to doctors and lawyers in that situation. The important part of that regulation is you don't have to pay a salary basis. You can be paid on the hour or anything else. That's okay under that regulation. I'm asking the question, the reg says you have to have a license. And it sounds like it's undisputed that he did not have a license. He let it expire. Well, he was a holder of a valid license. It was suspended because he didn't pay his bar dues or meet his CLE requirements. Are you suggesting that he did have a valid license for purposes of the reg? Yes, we are asserting that, Your Honor. He had a valid law. He graduated from law school, passed the bar, had a valid law license. He just allowed it to be suspended. So the district court's conclusion in that regard is rather cryptic. Can you help? It says, although Faludi's licenses are technically valid, he is not eligible to practice law. The court therefore concludes the plaintiff did not hold a valid license permitting the practice of law as the exemption requires. So the court concludes that he has a valid license but then says he doesn't hold a valid license permitting the practice of law. So can you help with that? Well, I mean, the regulation itself says any employee who is a holder of a valid license or certificate permitting the practice of law or medicine or any of their branches should actually engage in the practice thereof. That judge basically made a point that it was a valid license. He just allowed it to be suspended. And, of course, the evidence also is that he never told anybody about that. So, I mean, you have basically a situation where, you know, an in-house counsel is making $260,000 a year. He allows his law license to lapse without telling anybody. There's no dispute. He never told anybody about that. Gets terminated, and then after the contract is terminated, and then after that. He wasn't terminated because of that, though. Pardon? He wasn't terminated because of that. That has nothing to do with that, right? I mean, they didn't know about that. They didn't know about that until after the contract. They never knew about that during the time in question, right? He never told anybody that he had allowed his law license to lapse. And as Judge Lake determined, he actually was involved in the practice of law. So, you know, that's obviously a concern that the company had. After he is terminated, he then asserts that he should be paid overtime because he allowed his – because the exemption wouldn't apply to him because he doesn't have a valid law license. That's his argument. Did the bar in Louisiana or Texas come after him? Is there any evidence in the record on that, if he had a – that he's practicing law according to the district? Well, there is a state court case, Your Honor, a companion case. They filed a state court case related to his termination of employment, of his contract. It's a little more complicated than that, but we have counterclaim for malpractice in that. But, no, the bar hasn't gone after him. Nobody's filed a grievance with the bar. Okay. That's not part of this lawsuit. No, it's not part of this lawsuit, Your Honor. So did he – does his resume or is there evidence in the record that he says, I'm a licensed Texas and Louisiana attorney and have it on his documents that he submitted? Or did he ever – Tax returns for both years indicate that his – But, no, something that's submitted to the employer that would have stopped him. Or is there nothing in the record? Well, he had worked previously with the president of the company, Jared Coward is the name, as a lawyer at this prior job, and I think Judge Lake referred to that in his opinion, that he knew him from his prior job as a lawyer. I don't recall – I think his license was suspended in August of 2014, and Shell, that started up about the same time. That was before his contract started, Your Honor. But he never told us. I understand, but just to understand the timeline, I thought that his license had been suspended at all times that he worked for Shell. That's correct. But he was doing legal work. And is it – in-house counsel who do practice of law have to maintain licenses in their Texas and Louisiana, don't they? That's our understanding, Your Honor, and our belief, that you have to be a licensed lawyer to practice law, whether it's outside or inside, and he was certainly doing that. So let's say I disagree with you on this valid license issue. In other words, I conclude that he did not have a valid license for purposes of the rank. I'm wondering if you can still win based on the statute. As I read the reg, it says – that is 304 – the term professional capacity employee also shall mean somebody with a license. That suggests that it's trying to add to the statute, not subtract. Which section are you using? I'm sorry, 304, the practice of law provision. Okay. So let's just stipulate for arguendo. Shell, I'll stipulate. You see what I'm saying? Yes. Let's just stipulate that you've lost. I'm not saying you have lost the reg. You may have three votes for that. But if you don't win under the valid license theory, isn't this language additive? Why can't you win just under the statute? Well, yeah, we could under just the professional or the highly compensated employee. I think I heard a person at counsel say that he was an executive employee. He was. Which comes right out of the statute. They don't challenge the duties part of highly compensated or any other exemption. That's not an issue. He was performing exempt duties. There's no doubt about it. This seems like a friendly question as opposed to a trick question. I agree. So would that clause cover him on its face or not? I believe it would. I think the advantage of this regulation, Your Honor, is down further when it says that if he meets the standard, we don't have to comply with the salary basis requirement. That's the Department of Labor's provision on this. We do believe we comply with it. But that's why I think that. But the statute doesn't require a salary requirement either. Right. Yeah. Yeah. We're not challenged the regulations which have been in place for 60 years, obviously. But, yeah, I actually did that too. I read the statute. It's not in there. But that's been a standard part of the exemption since basically the beginning. So we haven't really mentioned the independent contractor issue, and I'm not really making that a primary part of my argument. However, I will point out that the Supreme Court came out with the Asino Motor Cars exemption or case after they filed their brief in this matter and before we filed our brief. And in that decision, Justice Thomas states very clearly that this position that the Fair Labor Standard Act should be read very narrowly for employers is no longer valid. He says it should be given a fair reading. And, for example, there's an opinion from this court that both Judge Higginbotham and Judge Elrod were on the panel when they're talking about the economic realities test, which is the standard used for the independent contractor under the Fair Labor Standards, and that applies to the independent contractor issue. There's a statement in that decision. Moreover, the remedial purposes of the FLSA require the courts to define employer more broadly than the term would be interpreted in the traditional common law application. And we believe that this is what Justice Thomas is saying should no longer apply and that under Section 2D of his opinion in the Asino Motor Cars that it should just be given a fair reading. And to the extent that the judges have indicated that he's maybe an independent contractor, even under the economic realities test, clearly Judge Thomas, on behalf of the majority of the court, has indicated that, in fact, that should be given a fair reading. And I think there's real question whether the economic realities test should still apply to the independent contractor decision in this matter. If we take this issue on, though, we send that back to the district court, correct? Yeah, we did not. Obviously, the economic realities test was the only standard that we briefed. So you're not asking us to take that on, which you're arguing? I am taking on the standard. We believe we submitted enough evidence that a decision could be made based on the record in this case. The court did not find – well, the court found a fact issue on that. We believe that if the economic realities test no longer applies and that the traditional common law test applies, that based on the record that exists currently, the court could find – Summary judgment in your favor? Well – Or there's still a fact issue. Yeah, they probably have to send it back for reconsideration of the issue based on the standard that applies. That's probably right, Your Honor. But we believe that's a pretty significant issue and is definitely a – the economic realities test is a much more favorable standard for the worker than it is for the company in this situation. We would be in a much better situation. Not that we don't believe we already have independent contractor status. We do. But even with this new standard, that is even more important for our argument. But you would prefer us to decide on these exemptions. Is that my wrong on that? We would not even get – he mentioned that there's only one interesting issue. I think actually all three of these issues are fairly interesting. That, yes, our first argument is the judge made the decision based on the highly compensated employee exemption. And based on that exemption, we should prevail. If for some reason the court would not find that the highly compensated exemption applies and that it was not paid on a salary basis, which we disagree, the court could still find for us based on the practice of law exemption, which we believe met. As you said, we believe he did have a valid license. We met the standard, and Judge Ho's comments even would be established under the professional exemption. But after you get by those, if we would not prevail on either of those, yes, the independent contractor would then come into play, and we believe that we are – we can prevail on that one as well. But you're probably right to ask him back to the court to make that decision. I want to also mention his argument about the Hughes case in the Sixth Circuit. We read that case differently. He said that case established that there was a weekly guarantee requirement. My reading of that case is that what happened is that the employer paid a day rate of $337, and based on that day rate, they were not guaranteed more than $455 a week. This kind of gets to your point, Judge Ho. And that had that employer had a guaranteed day rate of $455, that would have met the standard, which was the case in the Anani and the Litz cases. In the Anani, there was a minimum guarantee of $1,250 a week. And in Litz, it was $1,000, very similar to ours. They called it a stipend. We're calling it a day rate. But it was a minimum weekly guarantee which met. So we believe the Hughes case is not a case that finds the other way, that there needs to be a reasonable relationship or that a day rate cannot be a weekly guarantee. The Hughes case is based on the fact that the employer then did not guarantee enough to meet the $455 standard. Counsel, did you ask the district court to reconsider its decision on the costs? We did not. Did you ever say we should be entitled to costs on the normal standard and that the specific rule in FLSA that says plaintiff by name does not trump the normal standard? Did you argue that ever to the district court? We did not argue that at all. Well, then it would have to be plain error, wouldn't it? You would have to be a plain error for you to win on that here. And it's not plain because we've never had a case, have we? No. There's never been a case. So how can you possibly win on your cost argument? Well, he does not have to. But we have to still apply the law as it correctly, regardless of what your opposing counsel says. The rule is that he has to – he can't just deny it without – And the Fifth Circuit has never reached the question of eligibility under this statute, has it? Only the Eighth Circuit has been cited to us, and this is an example. I can't answer that, Your Honor. You're probably right. Okay. But I don't know the answer to that. But we believe that, you know, obviously the award of attorneys' fees is different than the award of costs. We're just talking about costs here, where each party had to bear their own in this lawsuit. He denied costs without a statement. We believe that that should be sent back for him to make a determination of why he would or would not do it. And then, of course, we can challenge it on that basis. But you don't have an argument – you're not here to argue whether or not the statute in FLSA automatically still gives you ability to ask for costs? I mean, I understand the standard under – for attorneys' fees under it. But my experience has been that costs are typically handled different than attorneys' fees and that employers – we're not an employer here, but we would be entitled to costs if not attorneys' fees under this statute. Okay. Thank you, counsel. Thank you for your time. Your Honors, let me address as a first issue a factual point that was made repeatedly, and I don't want the court to be under the misimpression that that is true or that the record supports this factual assertion. I believe I heard the assertion that Mr. Faudi was hired to be the in-house counsel when we were talking about the perpetual exemption, whether it was. The evidence in the record is actually the opposite of that. It is undisputed. Three executives – the CFO, the COO, and another executive – all have testified with unrebutted testimony. All they say in response is they're disgruntled because they were fired, but unrebutted that he was not hired to be a lawyer. He was not asked to do legal work while they were there and that the company had its own lawyer. This is not the case where someone says, hire me as your general counsel. There is a dispute. He is disgruntled. He gets fired. And then he says, aha, the joke's on you because I lied to you and I never had – I didn't renew my law license, and so now you've got to pay me overtime. I would not be up here defending that set of facts. That, I think, would be wrong, and I don't know if the law allows that sort of equitable defense. I'm not sure clearly it does, but I would say that it should. It would not be fair for someone to say the joke's on you, affirmatively lie, and then come up before your honors and say you can ignore the fact that he didn't have a valid law license because the person was dishonest. That's not the facts. So you're saying that he wasn't hired to be a lawyer, but he was hired to perform executive-level functions. Yes, the record – again, the undisputed evidence is that he was hired to perform as essentially a chief administrative officer, that he's doing administrative functions. That's something that having a law degree and that training helped, but he's not actually performing legal work, and that's what the record is. What's confusing about that is, to everyone I'm sure, is why does this guy then say at the end of his career, 14, 15, 16 months in, in one or two emails, hey, I am the general counsel. I think the answer not explained in the record is that the CFO was fired. The CEO was fired. He was the only executive running the business, and he needed to sort of exert authority to outside people to try to get them to do what he wanted, and that, in his mind, helped him demonstrate some sort of authority. In fact, he was not the general counsel. There is no evidence in the record that they thought he was the general counsel. So if he's the chief administrative officer, I think is your phrase, why doesn't that satisfy the statutory exemption? It doesn't satisfy the statutory exemption because of all three, the administrative exemption, the executive exemption, all of those require a salary basis. That there's a salary basis test and then a duties test, except for the professional exemption. And for those, we're back to where we were at the beginning is, is he paid on a salary basis and a day rate is not a salary. Under the plain wording of the regulation, as Your Honor pointed out, you have to just totally ignore the laws to say that it's a salary. So the only exemption that does not require a salary basis, Your Honor, is the professional exemption, and that's why they argue here. That doesn't require salary. If he meets the professional exemption, he's exempt. Lawyers don't have to be paid, for example, a salary. But— But just to be clear, the salary requirement for administrative officers comes from the regulation. Yes, all of the elements for all of those exemptions are defined in the regulations. The statute only says executive, administrative, and professional. It doesn't say highly compensated. That's a totally made up one. Right. And the parameters of those exemptions are also themselves. So what if you meet the statutory requirement but not the regulatory addition? I don't think it's possible to meet the statute because the statute just says— Well, it's possible. The question is what's possible. Well, I guess it's theoretically possible. Here I don't think it's possible because there's not enough in the statute to know how to meet it. Have we ever held that the regulation—let me rephrase. Have we ever held that you have to meet both, that the employer has to meet or that the case has to meet both the statutory requirement and the regulation? I don't know that there's ever— Or can we treat the regulation as additive? That it's yet another way of meeting the exemption, but it's optional like the also. I think it's certainly possible that you can envision a circumstance where the statute is specific enough where you could say you just have to meet the statute. I don't think that's the case because there's nothing in the statute that tells the court how to meet the test. You can only tell the exemption by looking for the regulations in this case. Well, this case might be an example. You've admitted that this was an administrative—you said CAO, so clearly that's an executive level function. Well, but that has a certain defined meaning, and you have to look at the regulations and know what that means. It's not enough to just say—and the statute contemplates that that's not enough because it says DOL, implement regulations that says what we mean when we say these three words, executive, administrative, and professional. So I don't think there's enough there to say that somebody meets it. You just have to totally ignore all of the other rules which have the force of law because they went through a rulemaking process. I think your point is the statute specifically says you have to follow the rank. The statute specifically says look for the regulations and DOL. That's the limitation, Your Honor. I'm sorry. I should have said that sooner. Counsel, you need to wrap it up. Yes. Let me just make another couple brief points. On the professional exemption, because we talked about it, it's very much disputed, even though he didn't have a law license and never had it even before he started. It's very much disputed whether he actually practiced law. That's not—they act like it's undisputed on that point, but it is very much disputed. On the—I want to make one final point because I haven't made it yet. To the extent there's any question about a day rate versus a salary basis, I cited this in a brief. But if the court looks at 541-709, that's the motion picture producing industry regulation, that regulation specifically contrasts a salary computed on a daily basis and a pure day rate. And at least as an exception to the salary basis, people who work in that industry can be paid a day rate, not a weekly salary computed on a day rate but an actual day rate. And if the regulation meant what the appellees said it meant, 602, then 709 would be totally irrelevant. They wouldn't need 709. Thank you, counsel. I believe we have your argument. Thank you. This case is submitted. Thank you.